UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE FRANKLIN KNIGHT,

      Petitioner,

v.                                               Case No. 06-11213
                                               Honorable Patrick J. Duggan

BRUCE L. CURTIS,

      Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 24, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Petitioner George Franklin Knight ("Petitioner") is a Michigan prisoner currently incarcerated at the Cooper Street Correctional facility in Jackson, Michigan. Petitioner has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction of first degree criminal sexual conduct in violation of Michigan Compiled Laws Section 750.520b(1)(A). The trial court sentenced Petitioner to a term of imprisonment of seven and a half years to twenty years. For the reasons that follow, the Court denies Petitioner's request for habeas relief.

**I.**    **Standard of Review**

Petitioner is entitled to a writ of habeas corpus only if he can show that the state

court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The AEDPA standard of review, however, applies only to any claim that was adjudicated on the merits in State court proceedings." *Murphy v. Ohio*, 551 F.3d 485, 494 (6th Cir. 2009) (internal citations and quotation marks omitted). Where the state courts did not previously rule on the merits of a claim, the habeas court applies *de novo* review. *Id*. As set forth in the following section, the Michigan courts have not adjudicated the claims Petitioner raises in his pending petition on the merits. Thus this Court will apply *de novo* review in analyzing his claims.

## II.     Procedural Background

Petitioner was convicted of first degree criminal sexual conduct following a bench trial in the Circuit Court for Jackson County, Michigan. Petitioner's five year old daughter, Hope, was the victim. At Petitioner's trial, Hope and City of Jackson Police Officer David Batterson testified for the prosecution. The prosecution also introduced a video-taped confession and statement that Petitioner provided to Officer Batterson. The only witness for the defense was Petitioner, who denied engaging in any inappropriate sexual contact with his daughter and who claimed to have little recollection of the

meeting with Officer Batterson that resulted in his confession. Petitioner claimed that he was suffering from hypoglycemia during the interview.

Following his conviction and sentence, Petitioner filed a direct appeal asserting the following claims: (1) he did not knowingly and intelligently waive his right to a jury trial; (2) the trial court failed to adhere to the Michigan legislature's procedures to protect a defendant's right to a public trial when it closed the courtroom during Hope's testimony; and (3) he was denied a fair trial because Hope was not properly sworn or questioned regarding her ability to testify truthfully. The Michigan Court of Appeals denied Petitioner's first claim, finding that his waiver of his right to trial by jury was knowing and voluntary. *People v. Knight*, No. 237765 (Mich. Ct. App. Apr. 15, 2003) (unpublished opinion). The Court concluded that Petitioner had waived appellate consideration of his remaining claims. *Id*. Petitioner filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same three issues. The Court denied Petitioner's application on October 31, 2003. *People v. Knight*, 469 Mich. 949, 671 N.W.2d 49 (2003).

Petitioner thereafter filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the District Court for the Western District of Michigan in which he raised claims different from those that he raised on direct appeal. The district court therefore dismissed the petition without prejudice on exhaustion grounds. *Knight v. Cason*, 04-CV-18 (W.D. Mich. Mar. 10, 2004). Petitioner then filed a motion for relief from judgment in the state trial court, raising his previously unexhausted claims (which are the claims now asserted

in his pending habeas petition, *see infra*). The trial court denied Petitioner's motion and a subsequently filed motion for reconsideration.

Petitioner asserted the same issues in subsequently filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. The state appellate courts denied Petitioner's applications. *People v. Knight*, No. 256830 (Mich. Ct. App. Dec. 16, 2004); *People v. Knight*, 474 Mich. 896, 705 N.W.2d 124 (2005).

On March 22, 2006, Petitioner filed the pending application for a writ of habeas corpus in which he asserts the following claims:

> I. Petitioner was denied his Sixth Amendment constitutional right to effective assistance of counsel where defense counsel failed and neglected to move for suppression of Petitioner's video taped, and, [sic] his written confessions, on the ground that Petitioner was never advised of his constitutional right to consult with an attorney prior to any questioning, and, [sic] to have an attorney present during questioning.
>
> II. Petitioner was denied his Sixth Amendment constitutional right to effective assistance of counsel where defense counsel failed to investigate, or, [sic] seek medical evidence which would have supported the Petitioner's claim of innocence.
>
> III. Petitioner was denied the effective assistance of appellate counsel on his appeal of right where appellate counsel failed to thoroughly research and investigate this case prior to filing the petitioner's appeal, and, [sic] where appellate counsel strictly refused to raise ineffective assistance of trial counsel issues where she is a personal friend of defense counsel.
>
> IV. Petitioner has shown good cause and actual prejudice sufficient enough to satisfy the requirements of MCR

6.508(D).

Respondent filed an Answer to the petition on October 11, 2006. Respondent asserts that Petitioner has procedurally defaulted his claims as he failed to raise them in his direct appeal. Respondent also argues that Petitioner's claims lack merit.

### III.    Analysis

#### A.    Procedural Default

A habeas court generally is barred from reviewing a state prisoner's federal claims where the prisoner has defaulted those claims in state court pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 112 S. Ct. 2546, 2565 (1991). Not every procedural rule will warrant application of the procedural default doctrine, however. Only a "'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by [the federal habeas court] of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51, 104 S. Ct. 1830, 1835-37 (1984)). Moreover, "[a] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989). The court may consider procedurally defaulted claims, however, if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*,

501 U.S. at 750, 112 S. Ct. at 2565.

Petitioner first raised the claims that he sets forth in support of his pending petition in his motion for relief from judgment. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3). The court concluded that Petitioner did not establish cause and prejudice for previously failing to raise the challenges to his conviction. The Michigan appellate courts also relied upon Michigan Court Rule 6.508(D) in denying Petitioner leave to appeal the denial of his motion for relief from judgment. The Michigan courts thus "clearly and expressly" relied upon a state procedural rule in dismissing his claims.

In his habeas pleadings, Petitioner does not assert cause to excuse his procedural default. On collateral review in the Michigan courts, however, Petitioner alleged ineffective assistance of appellate counsel as cause to excuse his procedural default. If Petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). To demonstrate that his appellate counsel was ineffective, a petitioner must show *inter alia* that his claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86, 120 S. Ct. 746 (2000). Given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claims, the Court concludes that it would be most efficient to simply consider the merits of those claims.

**B.   Ineffective Assistance of Counsel**

In order to establish ineffective assistance counsel, Petitioner must show "that

counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id*. at 690, 104 S. Ct. at 2066.  As to the prejudice prong of the *Strickland* test, the defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068.

### A. Whether Petitioner's trial counsel was ineffective for failing to move for suppression of Petitioner's confession

Petitioner asserts that his trial counsel should have moved for the suppression of his confession because he was not informed that he had the right to consult with an attorney prior to questioning and to have counsel present during questioning in accordance with the procedural safeguards established by the Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct 1602 (1966). The Court established these procedural safeguards in *Miranda* to protect the rights of a suspect, pursuant to the Fifth and Fourteenth Amendments, to be free from compelled self-incrimination during custodial

7

interrogation.  *Id*.  As the *Miranda* Court advised: "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  *Id*. at 444, 86 S. Ct. at 1612.

Following *Miranda*, the Supreme Court has addressed the circumstances under which a suspect may be considered in "custody."  In *Berkemer v. McCarty*, the Court instructed that "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation."  468 U.S. 420, 442, 104 S. Ct. 3138, 3151 (1984).  The Court subsequently provided that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned."  *Stansbury v. California*, 511 U.S. 318, 323, 114 S. Ct. 1526, 1529 (1994).  The Court subsequently framed the proper inquiry as involving two essential inquiries: "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave."  *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S. Ct 457, 465 (1995).

With respect to the present matter, Officer Batterson provided the circumstances surrounding Petitioner's questioning.  Officer Batterson approached Petitioner when Petitioner appeared for an interview with a Family Independence Agency worker, and he asked Petitioner if he would be willing to come to the Jackson Police Department for

8

questioning. (8/29/01 Tr. at 25.) Because Petitioner lacked transportation, Officer Batterson offered him a ride to the station and Petitioner accepted. (*Id.*)

When they arrived at the station, Officer Batterson took Petitioner to an interview room in the Detective Bureau. (*Id.* at 26) Officer Batterson then informed Petitioner that he was not under arrest, that he was free to leave at any time, and asked him if he wanted to talk about the allegations involving his daughter. (*Id.*) The officer testified that Petitioner responded that he did want to speak with him. During the subsequent six hour meeting, Petitioner eventually described three incidents where he engaged in sexual conduct with his daughter. (*Id.* at 27.) Petitioner was not in handcuffs or any other type of restraint during the entire interview and he was provided food and a drink during the course of the interview. (*Id.* at 26, 31.) While Petitioner was preparing his written statement toward the end of the interview, Officer Batterson was in and out of the room. (*Id.* at 30.) At the end of the interview, another officer drove Petitioner home. (*Id.* at 31.)

During his trial testimony, Petitioner did not contradict Officer Batterson's description of the interview in any material way.[1] Instead, he testified that he had no independent recollection of the interview. (*Id.* at 42.) Petitioner testified that upon reviewing the video-tape of the interview, it appeared to him that he was having a hypoglycemic reaction while answering the officer. (*Id.* at 43.)

Given the above circumstances, this Court cannot conclude that Petitioner was in

---

[1] The only contradiction was Petitioner's assertion that he was "dropped off" at the police station and was not driven there by Officer Batterson. (8/29/01 Tr. at 41.)

9

custody when he provided his oral and written statements confessing to the crime. He voluntarily went to the police station with Officer Batterson. Officer Batterson told Petitioner that he was not under arrest and that he was free to leave at any time. Further, Petitioner was not restrained in any way during the interview and he was allowed to leave at the conclusion of the interview. While the length of the interview (i.e. six hours) is relevant to this Court's inquiry, *see United States v. Salvo*, 133 F.3d 943, 951 (6th Cir. 1998), this fact alone does not convince the Court that a reasonable person would not feel free to leave.

Based on the above analysis, this Court cannot conclude that Petitioner's trial counsel was ineffective for failing to file a motion to suppress Petitioner's statements. Petitioner, therefore, is not entitled to habeas relief on this ground.

> **B.** **Whether Petitioner's trial counsel provided ineffective assistance due to his failure to investigate or seek medical evidence to support Petitioner's claim of innocence**

Petitioner contends that his trial counsel was ineffective as a result of counsel's failure to: (1) talk to or seek the notes from the Child Protective Services worker who interviewed his daughter; (2) seek medical records to verify whether the alleged sexual assault occurred; (3) obtain an expert in the field of child sex abuse victims in order to attack the victim's credibility; (4) assert a defense on Petitioner's behalf; (5) make an opening statement, or (6) assert any objections.

With respect to the first three items, Petitioner does not establish what evidence would have been uncovered much less how such evidence would have been favorable to

his defense. Speculation about what defense counsel's investigation would have revealed is not enough to establish prejudice under *Strickland*'s prejudice prong. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Petitioner must show that the sought after evidence or testimony would have been favorable to his defense. *Id*. (reasoning that the defendant must be able to show "a reasonable probability that, but for counsel's failure to request an expert [or a witness], the jury would have had a reasonable doubt concerning his guilt"). Moreover, while Petitioner speculates that this evidence would have undermined the credibility of the victim with respect to whether she was sexually assaulted, the likelihood that the evidence would have had such an impact on the trier of fact is diminished by Petitioner's confession to the crime.

With regard to the performance of Petitioner's counsel at trial, this Court cannot conclude that counsel's performance was deficient or that any deficiency prejudiced his defense. "An attorney's decision to make an opening statement is ordinarily a mere matter of trial tactics and will not constitute a claim of ineffective assistance of counsel." *Millender v. Adams*, 376 F.3d 520, 525 (6th Cir. 2004) (internal quotation marks and citation omitted). Petitioner complains that counsel failed to object at trial; however, he fails to identify where an appropriate objection should have been lodged. Similarly, he fails to identify what additional defense his trial counsel should have asserted on his behalf.[2]

---

[2]The Court notes that, in support of Petitioner's defense that he did not sexually assault the victim, trial counsel did identify discrepancies in the victim's testimony and

11

In summary, the Court finds no merit to Petitioner's claim that his trial counsel provided ineffective assistance of counsel. He therefore is not entitled to habeas relief based on this claim.

### C. Whether Petitioner's appellate counsel was ineffective

Petitioner claims that his appellate counsel was ineffective due to her failure to raise his ineffective assistance of trial counsel claim on direct appeal. To demonstrate that his appellate counsel was ineffective, Petitioner must show that she failed to raise an issue that was reasonably likely to have changed the result on appeal. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.") As this Court has found no merit to Petitioner's ineffective assistance of trial counsel claim, it reaches the same result with respect to his ineffective assistance claim regarding his appellate counsel.

## IV. Conclusion

For the above reasons, this Court concludes that Petitioner is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**.

---

argued that Petitioner's confession was unreliable due to his hypoglycemic condition. (8/29/01 Tr. at 31-37, 48-49.)

12

<u>s/PATRICK J. DUGGAN</u>  
UNITED STATES DISTRICT JUDGE

Copies to:  
George Franklin Knight, #379014  
Cooper Street Correctional Facility  
3100 Cooper Street  
Jackson, MI   49201

Jerrold Schrotenboer, Esq.